UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

QBE INSURANCE CORPORATION,

        Plaintiff,

vs.

STARWOOD MANAGEMENT, LLC, doing business as, STARWOOD MANAGEMENT, INC., and DOES I through X, inclusive.
_____/

Case No. 2:12-cv-01800-MMD-VCF

**JUDGMENT**

    QBE INSURANCE CORPORATION, defendant, and STARWOOD MANAGEMENT, LLC doing business as, STARWOOD MANAGEMENT, INC., have stipulated to entry of a declaratory relief judgment.

    IT IS HEREBY THEREFORE ORDERED, ADJUDGED AND DECREED, that a declaratory judgment shall be entered in the above-entitled action as allowed by NRS 17.100 and 17.010 with no allowance of any attorney's fees or costs whatsoever, and pursuant to the parties' stipulation for entry of judgment, Document No. 21, dated March 19, 2013, that this Court finds as follows:

    1. Plaintiff, QBE Insurance Corporation ("QBE") at all times relevant to this action was and is an admitted property-casualty insurer in the State of Nevada.

///

///

2. Defendant Starwood Management, LLC ("Starwood"), is a limited liability company organized and existing under laws of the State of Nevada, and has its principal place of business at 3540 West Sahara Avenue, Suite 202, Las Vegas, Nevada 89102-5816. Starwood Management, LLC, also uses and does business under the fictitious name, Starwood Management, Inc.

3. This court has jurisdiction pursuant to 28 U.S.C.§1332 and 1441 (a). There is complete diversity of citizenship between QBE (a New York corporation principally located in New York), and Starwood (a Nevada limited liability company principally located in Las Vegas, Nevada). The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

4. Venue is proper in the District of Nevada pursuant to 28 U.S.C. §1391, because the QBE Policy was issued to Starwood at its Las Vegas, Nevada address, and the 1977 Hawker 700 aircraft was registered to Starwood at its Las Vegas, Nevada address.

5. QBE issued its Comprehensive Corporate Aircraft Policy No. QAV0000661 to Starwood Management, Inc., as the named insured effective July 27, 2012 through July 27, 2013 (the QBE Policy).

6. The Starwood Policy afforded Physical Damage Coverage covering three Scheduled Aircraft. One of these Scheduled Aircraft was Aircraft, N98FT, a Hawker 700 jet aircraft. A correct copy of the Starwood Policy is attached to the complaint as Exhibit "A". A true, authentic and correct copy of the Federal Aviation Administration Aircraft Registration Report for N98FT is attached to the complaint as Exhibit "C".

7. Coverage was bound prior to Starwood's actual submission of the required written application for the Policy. QBE made submission of a completed written application a condition of continued coverage under the QBE Policy. Starwood submitted to QBE an application dated August 10, 2012, for the Policy that was signed on Starwood's behalf. A true and correct copy of this application is attached to the complaint as Exhibit "D".

/ / /
/ / /
/ / /
/ / /

8. The responses of Starwood to the questions in this application for the Policy (Exhibit "D" to the complaint), contained inaccurate information. Had the application contained accurate information, QBE would have declined to issue a policy to Starwood and/or would have rescinded the Policy upon receipt of Starwood's application.

9. On September 12, 2012, United States Marshals, confiscated the Starwood Hawker 700 Aircraft after it landed at the McAllen, Texas airport on a flight from Mexico.

10. QBE was unaware that the policy application contained inaccurate information until after September 5, 2012, when it conducted its investigation of Starwood's claim arising from the confiscation of the Subject Aircraft by the United States Marshals.

11. These facts entitle QBE to rescind the QBE Policy pursuant to NRS 687B.110, because the inaccurate information constitute acts increasing the hazard insured against, and constitute inaccurate material information to obtain the QBE Policy and in the presentation of Starwood's QBE claim under the QBE Policy arising from the confiscation of the Hawker 700 Aircraft by the United States Marshals.

12. On September 14, 2012, by letter to Starwood, Exhibit "B" to the Complaint, QBE rescinded the QBE Policy and confirmed that Starwood had not paid any premium to QBE.

13. QBE and Starwood do hereby agree that the QBE Policy is rescinded effective September 14, 2012. The parties, QBE and Starwood, further agree Starwood has no benefits due or available under the QBE policy and that QBE has no obligation whatsoever toward Starwood.

14. Declaratory judgment is therefore entered in favor of QBE INSURANCE COMPANY and against STARWOOD MANAGEMENT, LLC, dba STARWOOD MANAGEMENT, INC., as follows:

///
///
///
///
///
///

      a.    The QBE Policy No. QAV0000661 is rescinded effective September 14, 2012;

      b.    There is no insurance coverage under the QBE Policy QAV0000661 for Starwood Management, LLC, dba Starwood Management, Inc., and QBE is not obligated to seek recovery of the seized aircraft, nor indemnify Starwood Management, LLC dba Starwood Management, Inc., for the seized aircraft nor bring any legal action on behalf of Starwood Management, LLC dba Starwood Management, Inc., "nor defend Starwood" in any legal proceeding.

      c.    There shall be no allowance of costs or attorney's fees to either party.

DATED this 20th day of March, 2013.

_____
UNITED STATES ~~MAGISTRATE~~ JUDGE

4